# UNITED STATES DISTRICT COURT

_____Eastern_____ District of _____Michigan_____

UNITED STATES OF AMERICA

__Ahmed ALABADI__ v.
_Defendant_

ORDER OF DETENTION PENDING TRIAL

Case Number: 11-20476

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☑ a preponderance of the evidence that _see attached_

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

2/8/12
_Date_

_Signature of Judge_

U.S. Magistrate Judge Mona K. Majzoub
_Name and Title of Judge_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant is charged by way of indictment with attempted bank fraud, bank fraud, and money laundering. He is a native of Iraq and came to this country in 1992. He was naturalized as a U.S. citizen in 1998. It is alleged that he ran a classic Ponzi scheme in which he solicited money from investors, promising them a guaranteed 10% return on their investment within a year, which he never paid. In fact when the alleged scheme began to fall apart, he fled the country and returned to the Middle East, where he has been living since August 3, 2008.

Defendant was named in a civil suit filed in the Eastern District of Michigan (Abass et al. V. Shalushi, et al, 10-11837) where a default judgment was ultimately entered by Judge Lawson for $172 million on November 10, 2011. In that case Defendant willfully failed to appear at his deposition noticed in Canada on November 13, 2010 and February 19, 2011. The depositions were noticed to take place in Canada because Defendant, who had been living in the Middle East, refused to enter the United States for fear that he would be apprehended by U.S. authorities. To accommodate Defendant's wishes, his deposition was twice noticed in Canada. Defendant still failed to appear on both occasions. Defendant was noticed to appear for a creditor's examination in Canada on February 3, 2012, but he was stopped by Canadian immigration authorities who would not allow him entry into Canada because of the civil judgment against him in the Eastern District of Michigan, which rendered him inadmissible. At that time he singed a statutory declaration stating that under the circumstances he was voluntarily withdrawing his application to enter Canada and requested permission to leave Canada as soon as possible and return to his country of citizenship (U.S.A.). It was at the point of his exit from Canada and entry into the United States that Defendant was apprehended as a result of this indictment having been filed.

The government argues that Defendant is a flight risk. Defendant has not lived in this country since August 3, 2008. Since then it is believed that he has lived in Turkey, Iraq, and more recently Kuwait. It was argued by his own attorney that Defendant has many enemies as a result of his financial dealings, and that even in Iraq, his property there was vandalized and taken from him, and he was forced to flee to Kuwait.

Additionally it was argued that Defendant has not returned to the United States to face his civil suit, only agreed to be deposed in Canada, failed to appear for his noticed deposition in Canada twice, has a judgment against him in the Eastern District of Michigan in the amount of $172 million, and deliberately refused to enter the United States to face the consequences of the civil suit. Now that he is named in a criminal indictment which is likely to result in his being incarcerated, there is even more of an incentive for Defendant to flee the district and not return.

Defendant argues that he is not a flight risk, that he should be given a personal bond and be allowed to live with his first cousin at his home in Cleveland, Ohio. His first cousin, a Mr. Alawadi Ahmed, appeared in Court. Mr. Ahmed has not seen the defendant in three years, and he last saw him in Iraq. The cousin claims to have been living in this country since 1992 without any family whatsoever, is self employed in the construction business, and owns a small two bedroom house. The cousin travels overseas as he last met up with the Defendant in Iraq, not here, about three years ago.

Defendant's cousin is not an appropriate third party custodian, and in any event, third party custody would not address the flight concerns that have been argued by counsel for the government and noted by Pretrial Services.

When Defendant was initially interviewed by Pretrial Services for purposes of assessing his eligibility for bond, he refused to give any information whatsoever about his employment, his residence in Kuwait, his travel, or his assets. When he came to court today he had prepared a financial affidavit which his attorney shared with the Court and counsel for the government. Defendant today claims that he has no assets in this country, although he may have assets overseas which would impact his ability to have court appointed counsel.

Defendant has absolutely no community ties to this district or this country, other than his cousin whom he has not ever seen in this country, but whom he saw in Iraq three years ago. He has made deliberate attempts over time to avoid entering the United States because of the civil judgment against him. He was captured only because Canadian immigration authorities refused him entry into Canada because of the outstanding multimillion dollar judgment issued in the Eastern District of Michigan by Judge Lawson, and now he is facing an indictment and possible incarceration. None of this bodes well as support for giving Defendant a bond, but only strengthens the argument that Defendant poses a risk of flight by a preponderance of the evidence.

Defendant has been living with his wife and three children outside of the United States since 2008. He has an Iraqi passport and a United States Passport. He has failed to disclose his travel over the past years. He has one brother who resides in Dearborn, Michigan, but he has not communicated with his brother in years and does not know where he lives. If given a bond he would not live in this district, but proposes to live in Cleveland with a cousin with whom he has had sporadic contact at best. Defendant has a mother and six siblings who live in Iraq, but Defendant was run out of Iraq by people who feel that he has defrauded them.

Because Defendant has no community, financial or family ties to this country, and because he has gone to such great lengths to avoid a presence in this country, and
has lived outside of this country since 2008, Defendant is deemed to be a flight risk. There is no condition or combination of conditions which would assure his appearance in Court. Detention is therefore Ordered.